[ORAL ARGUMENT NOT SCHEDULED]

No. 25-5130

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re U.S. DOGE SERVICE, et al.,

Petitioners.

# EMERGENCY MOTION FOR A STAY
# PENDING A RULING ON THE GOVERNMENT'S
# PEITITION FOR A WRIT OF MANDAMUS AND
# AN IMMEDIATE ADMINISTRATIVE STAY

YAAKOV M. ROTH
  Acting Assistant Attorney
    General, Civil Division

ERIC D. MCARTHUR
  *Deputy Assistant Attorney
    General*

MARK R. FREEMAN
THOMAS PULHAM
JOSHUA DOS SANTOS
  Attorneys, Appellate Staff
  Civil Division, Room 7323
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-0718

The government respectfully requests that this Court issue a stay of the district court's April 15, 2025, discovery order pending this Court's review of the government's accompanying petition for a writ of mandamus, which asks this Court to quash that order. The government filed a motion for a stay in the district court on April 17, 2025, and the district court ordered a response by April 18, 2025. The government will inform this Court as soon as possible if the district court rules. Unless stayed, however, the district court's order requires the government to provide written responses to plaintiffs' discovery requests by Tuesday, April 22, 2025. Accordingly, the government requests an immediate administrative stay tolling the discovery deadlines so that the Executive Branch will not have to incur the immediate burden of preparing responses to the plaintiff's intrusive and improper discovery requests. If the Court does not grant an administrative stay, the government respectfully requests that the Court rule on its stay motion by Monday, April 21, one day before the initial responses to the discovery requests are due. Plaintiff opposes the mandamus petition and stay motion.

A stay is warranted here. The government's accompanying petition for a writ of mandamus explains the district court's errors as well as the irreparable harm and burden on the separation of powers that the discovery

order will cause. In short, the government is likely to prevail on the merits of its petition for mandamus. The district court's order permits plaintiff to take sweeping and intrusive discovery into the operations of an advisory body within the Executive Office of the President (Office of the President). That discovery would require, among other things: (i) that USDS's Administrator divert time from her significant duties to both prepare and sit for a deposition, and (ii) that USDS attempt to identify every recommendation it or any of its employees has made on broad subjects before either disclosing the substance of those recommendations to plaintiff or asserting privilege as to a potentially broad swathe of material. Separation-of-powers principles and the "high respect" that courts must afford the President in the conduct of his constitutional duties, *Cheney v. U.S. District Court*, 542 U.S. 367, 382 (2004), mandate that such discovery be permitted, if at all, only in the most exceptional of circumstances.

No such circumstances exist here. As the government explains in its petition, no discovery is required to properly resolve plaintiff's claims (*i.e.*, whether USDS's formal authority renders it an agency for purposes of the Freedom of Information Act and Federal Records Act). And at a minimum

the broadly phrased discovery order is in no way necessary or narrowly tailored.

Absent an immediate stay, moreover, the government will be irreparably harmed. Once the Administrator must prepare and sit for an intrusive deposition and once USDS must prepare and submit written discovery responses (including its responses to plaintiff's interrogatories) within mere days, the intrusion upon the prerogatives and autonomy of the Office of the President and the confidentiality of its communications will have occurred and cannot be remedied. Conversely, plaintiff will not be harmed if it is prevented from obtaining (improper and irrelevant) discovery during the short time it will take this Court to decide the government's mandamus petition. Given the significant separation-of-powers concerns that the district court's order raises and the absence of any clear, immediate need for intrusive discovery into the functioning of the Office of the President, the equities and public interest plainly favor a stay.

Those constitutional infirmities also favor an immediate administrative stay tolling the discovery order's deadline. As explained in the mandamus petition, requiring the government to assess privileges "line by line" for discovery into the Office of the President and presidential advisors is itself a

heavy burden, *see Cheney v. U.S. District Court for D.C.*, 542 U.S. 367, 388 (2004). An administrative stay is therefore necessary to avoid the substantial burdens caused by the broad and intrusive discovery order at issue.

## CONCLUSION

For the foregoing reasons, the Court should stay the discovery order pending disposition of the government's petition for a writ of mandamus. The Court should also grant an immediate administrative stay tolling the discovery deadlines. If the Court does not grant an administrative stay, the government respectfully requests that the Court rule on the government's stay motion by Monday, April 21.

Respectfully submitted,

YAAKOV M. ROTH
   Acting Assistant Attorney
     General, Civil Division

ERIC D. MCARTHUR
   *Deputy Assistant Attorney*
     *General*

MARK R. FREEMAN
THOMAS PULHAM
/s/ *Joshua Dos Santos*
JOSHUA DOS SANTOS
   Attorneys, Appellate Staff
   Civil Division, Room 7323
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530
   (202) 514-0718

APRIL 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 720 words.  The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point CenturyExpd BT typeface.

                                               */s/ Joshua Dos Santos*
                                               Joshua Dos Santos

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Paper copies of the motion will also be delivered to the D.C. Circuit. I further certify that the motion has been served on counsel by email on April 18, 2025 and will also be served by first-class mail. Finally, I certify that the motion has been served on the district court via email on April 18, 2025, and will be delivered by courier on the next business day.

/s/ *Joshua Dos Santos*
Joshua Dos Santos