[ORAL ARGUMENT NOT SCHEDULED]

No. 25-5130

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

───────────────

In re U.S. DOGE SERVICE, et al.,

Petitioners.

───────────────

**REPLY IN SUPPORT OF A STAY
PENDING A RULING ON THE GOVERNMENT'S
PEITITION FOR A WRIT OF MANDAMUS**

───────────────

YAAKOV M. ROTH
  Acting Assistant Attorney
    General, Civil Division

ERIC D. MCARTHUR
  *Deputy Assistant Attorney
    General*

MARK R. FREEMAN
THOMAS PULHAM
JOSHUA DOS SANTOS
  Attorneys, Appellate Staff
  Civil Division, Room 7323
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 353-0213

The Court should grant a stay tolling the district court's discovery order pending disposition of the government's petition for a writ of mandamus.

As the government has explained in its mandamus petition and reply, mandamus is clearly warranted. The discovery order at issue undermines the separation of powers by ordering intrusive discovery against a presidential advisory body as a means of determining whether FOIA applies—including through deposition of the body's head and disclosure of specific advice the body has given. The district court ordered this discovery despite the government's purely legal arguments that could resolve the case, and purportedly in service of an inquiry designed to avoid unconstitutional intrusions into the Office of the President. Such an order plainly contravenes applicable separation-of-powers principles, and the government has shown that it is at least likely to prevail. Plaintiff's contrary arguments lack merit for the reasons explained in the government's petition reply.

The discovery order also imposes obvious irreparable harm on the government that plainly warrants a stay pending disposition of the mandamus petition. Disclosure of any information cannot be undone through appeal from a final judgment. And the order burdens a presidential advisory

body with the task of sorting through privilege questions and responses to plaintiff's vague requests—including broad requests for the body's recommendations. Under applicable law, that imposition on a presidential advisory body poses a heavy burden and implicates "the Executive's interests in maintaining its autonomy and safeguarding its communications' confidentiality." *See Cheney v. U.S. District Court*, 542 U.S. 367, 370, 388 (2004).

Plaintiff's assertions that the government will not suffer harm turn on plaintiff's incorrect treatment of the discovery here as "ordinary," ignore settled principles, and are otherwise incorrect for the reasons explained in the government's petition reply. *See, e.g.*, Stay Resp. 2, 10, 12-13. Indeed, this Court previously recognized these very harms in granting a stay of a similar discovery order in *In re Musk*, No. 25-5072 (D.C. Cir. Mar. 26, 2025). *See also* Plaintiff States' First Set of Written Discovery, *New Mexico v. Musk*, No. 1:25-cv-429 (D.D.C. Feb. 24, 2025), Dkt. 45-1 (similar discovery requests regarding USDS directives, employees, internal documents, data access, and more).

The order's burdens on a presidential advisory body and violation of the separation of powers clearly outweigh the purely theoretical harm that

2

plaintiff asserts. Plaintiff identifies no imminent or concrete harm from delayed discovery as to the question whether FOIA applies. Aside from generalizations, plaintiff asserts that it will be harmed because it will not be able to respond to the government's summary judgment motion. Stay Resp. 3. But as the government has repeatedly explained, its summary judgment motion raises a pure issue of law, and in any event that general assertion does not constitute immediate harm pending resolution of the government's mandamus petition.

Plaintiff's assertion that the government's request for a stay seeks to "prevent any progress on … compliance with the preliminary injunction" also lacks merit. *Id.* at 3, 10. The district court issued a preliminary injunction that requires the USDS to process plaintiff's FOIA requests while this litigation is pending—not to produce documents. That preliminary injunction would remain in place during any stay (and during any further briefing in district court on the government's legal argument that USDS is not subject to FOIA at all based on the governing Executive Orders). And as a more general matter, a FOIA requester suffers no cognizable harm when a court addresses threshold legal questions of FOIA's applicability before deciding whether any particular documents must be disclosed.

3

The public interest and equities likewise favor a stay of the discovery order here, which on its face intrudes on sensitive activities of a presidential advisory body. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (explaining that the public interest factor merges with the government's interest). These constitutionally based interests overshadow any generalized interest in disclosure of information under FOIA, which both Congress and this Court have made clear does not apply to presidential advisory bodies, and which (even if FOIA did apply) also could be fully vindicated after final resolution of the suit. *See* Stay Resp. 14, 16.

Plaintiff's arguments that the government's decision to move for summary judgment weighs against a stay are meritless. The government's motion asks the district court to resolve the threshold legal question whether USDS is an agency subject to FOIA at all. In doing so, the government did not "invite" discovery that is unnecessary to the resolution of that legal question. Stay Resp. 6. Plaintiff similarly blames the government for a "pattern of delay," while at the same time criticizing the government for wanting "to resolve this case on a highly expedited timeframe" by seeking summary judgment on a ground that could conclusively resolve the litigation

4

and avoid protracted fights over privileges and other exemptions. Stay Resp. 13-15. These contradictory contentions make little sense.

The government's summary judgment motion weighs in favor of a stay, not against it. Resolution of that motion could effectively end this case and avoid the potential clash between two branches of government occasioned by plaintiff's FOIA and discovery requests against a presidential advisory body. Instead of ordering far-reaching discovery on the question whether FOIA applies at all, the district court should have prioritized resolution of the motion's argument that FOIA does not apply to USDS based on settled principles and the plain text of the governing Executive Orders.

Because of the grave errors in the discovery order, the constitutional concerns with its intrusion into the Office of the President, and the government's pending motion to resolve the case without discovery, the Court should grant a stay of this overbroad discovery order pending resolution of the government's mandamus petition.

## CONCLUSION

For the foregoing reasons, the Court should stay the discovery order pending disposition of the government's petition for a writ of mandamus.

Respectfully submitted,

YAAKOV M. ROTH
   Acting Assistant Attorney
     General, Civil Division

ERIC D. MCARTHUR
   *Deputy Assistant Attorney*
     *General*

MARK R. FREEMAN
THOMAS PULHAM
/s/ *Joshua Dos Santos*
JOSHUA DOS SANTOS
   Attorneys, Appellate Staff
   Civil Division, Room 7323
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530
   (202) 353-0213

APRIL 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the reply contains 971 words. The reply complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point CenturyExpd BT typeface.

                                               */s/ Joshua Dos Santos*
                                               Joshua Dos Santos

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Paper copies of the reply will also be delivered to the D.C. Circuit. I further certify that the reply has been served on counsel by email on April 30, 2025 and will also be served by first-class mail. Finally, I certify that the reply has been served on the district court via email on April 30, 2025, and will be delivered by courier by the next business day.

*/s/ Joshua Dos Santos*
Joshua Dos Santos