# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re U.S. DOGE Service, *et al.*,

Petitioners.

On Petition for a Writ of Mandamus to the United States
District Court for the District of Columbia

**Respondent's Motion for Summary Disposition in Response to
the Supreme Court's June 6 Remand Order**

Respondent Citizens for Responsibility and Ethics in Washington ("CREW") respectfully moves for summary disposition of this matter in light of the Supreme Court's order in *U.S. DOGE Service v. CREW*, No. 24-1246 (June 6, 2025), Doc. No. 2119852 (the "June 6 Remand Order"), which directed this Court to narrow specific portions of the district court's April 15, 2025 discovery order ("April 15 Discovery Order"), but left the remainder of discovery intact.

As reflected in the revised discovery requests attached to this motion, CREW has withdrawn those portions of its requests that the

June 6 Remand Order instructed this Court to "narrow"—*i.e.*, those relating to "recommendations" of the U.S. DOGE Service ("DOGE"). June 6 Remand Order at 1. This makes the Court's sole task on remand straightforward. Because the merits are so clear as to justify summary action, the Court should summarily order the district court to narrow its April 15 Discovery Order to exclude CREW's now-withdrawn requests and otherwise deny the government's mandamus petition. Doing so will conserve judicial and party resources and prevent further harm to CREW's informational rights by allowing the district court proceedings to resume after months of delay.

## BACKGROUND

This case is back before the Court for the limited purpose of narrowing the district court's April 15 Discovery Order in accordance with the Supreme Court's June 6 Remand Order. The Supreme Court vacated this Court's May 14 Order unanimously denying DOGE's petition for a writ of mandamus, which sought to quash all discovery ordered by the district court under Fed. R. Civ. P. 56(d). June 6 Remand Order; *see* Doc. No. 2115720 at 1. The district court had authorized that discovery to resolve the fact-intensive question, raised by DOGE in its

2

motion for partial summary judgment, of whether DOGE wields substantial authority independent of the President and is therefore an "agency" under the Freedom of Information Act ("FOIA") and Federal Records Act. A4-A13.

The Supreme Court, like this Court and the district court, did not accept the government's assertion that discovery was *per se* improper in this case. Rather, it remanded with instructions for this Court to "narrow" those "portions" of the ordered discovery "that require the Government to disclose the content of intra-Executive Branch [DOGE] recommendations and whether those recommendations were followed," which the Supreme Court held were not "appropriately tailored." June 6 Remand Order; *see* Doc. No. 2115720; A4-A7.

Because those portions of CREW's discovery requests seeking information on DOGE's "recommendations" are easily identified and excised, CREW has withdrawn them, as reflected in the revised discovery requests attached to this motion.[1] CREW now seeks a

---

[1] Attachment A is a "redline" version of CREW's discovery requests that reflects both modifications made in the April 15 Discovery Order and those discovery requests that CREW has withdrawn in light of the June 6 Remand Order, which are Interrogatory Nos. 6 and 7 and Requests for Admission Nos. 2, 4, 6, 8, and 10. *See* A2-A28. Attachment B is a "clean"

3

summary disposition ordering the district court to narrow its April 15 Discovery Order by excluding the withdrawn discovery requests, so that discovery can proceed and the government's motion for partial summary judgment can be resolved without further delay.

## ARGUMENT

Summary disposition is appropriate because the merits are "so clear" as to justify summary action. *See Cascade Broadcasting Group, Ltd. v. FCC*, 822 F.2d 1172, 1174 (D.C. Cir. 1987) (per curiam); *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

### I. The June 6 Remand Order concerns a discrete subset of discovery requests that can be easily identified and excised.

The Supreme Court's admonition against discovery that would disclose "the content of intra-Executive Branch [DOGE] recommendations and whether those recommendations were followed" is clear and easy to heed. June 6 Remand Order at 1. The discovery at issue consists of a handful of readily-identifiable requests seeking

---

copy of the revised discovery requests implementing the modifications reflected in Attachment A.

4

information on "recommendations." *See* A22, A24-A25 (Interrogatory Nos. 6 and 8, Request for Admission Nos. 2, 4, 6, 8, and 10). Simply withdrawing those requests, which CREW has done, *see* Attachments A & B, brings discovery in this case into compliance with the June 6 Order and resolves the sole issue on remand.

The Supreme Court could have identified for potential narrowing other categories of discovery requests to which the government objected. *See, e.g.*, Appl. to Stay at 12-13, 21-22, 30, No. 24A1122 (objecting to deposition of DOGE's Acting Administrator and identification of DOGE personnel and federal databases to which they have access). It did not. Each of the ordered discovery requests seeking information on DOGE's recommendations has a parallel request seeking information on DOGE's directives, with which the Supreme Court took no issue. *Compare* A22, A24-A25 (Interrogatory Nos. 6 and 8, Requests for Admission Nos. 2, 4, 6, 8, and 10 (discovery requests seeking information on recommendations)) *with* A22, A24 (Interrogatory Nos. 5 and 7, Requests for Admission Nos. 1, 4, 5, 7, and 9 (discovery requests seeking information on directives)). The Supreme Court's singular focus

5

was on discovery regarding "recommendations." Its silence on the remainder was deliberate.

This straightforward reading also aligns with the Supreme Court's resolution of the government's arguments against discovery. The June 6 Order adopted only the government's argument that discovery on recommendations unnecessarily probes DOGE's power to persuade and implicates sensitive communications. *See* June 6 Order at 1; Appl. to Stay at 12-13, 17. Nothing in the June 6 Order requires this Court to give the government another bite at the apple to reassert arguments the Supreme Court did not endorse or to assert new arguments it failed to raise earlier. To be sure, the Court noted that "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." June 6 Remand Order at 1. But that was merely one of two reasons the Court gave for barring discovery on *DOGE's recommendations. See id.* at 1-2. It was not an open invitation to trim other portions of discovery that the Court did not identify and chose not to discuss.

In any event, narrowing the discovery as CREW proposes would show ample "judicial deference and restraint" with respect to the

Executive's internal communications. Certainly no private litigant would be entitled to such accommodations and deferential treatment in the context of targeted discovery ordered under Rule 56(d). *See Convertino v. Dep't of Just.*, 684 F.3d 93, 99 & n.12 (D.C. Cir. 2012) (Rule 56(d) motions "should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'"); *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 31 (D.C. Cir. 2014) (district courts have "significant discretion" in ruling on Rule 56(d) motions).

Given the clarity of the June 6 Order, no meaningful dispute remains. The parties already have twice fully briefed the issues raised in the government's mandamus petition. The June 6 Remand Order significantly confines the issues in dispute by instructing this Court to narrow discovery related to "recommendations," and CREW has withdrawn that discovery altogether. Thus, summary disposition is warranted. *See Cascade Broadcasting Group*, 822 F.2d at 1174; *Taxpayers Watchdog*, 819 F.2d at 297.

## II. Summary disposition will avoid further harm to CREW's informational rights.

Summary disposition of the government's mandamus petition would also avoid needless further delay, which has deprived CREW and the public of information that the district court determined was a matter of public urgency. On March 10, 2025, the district court awarded CREW preliminary injunctive relief compelling DOGE to immediately process a FOIA request for records that would help cut through what the district court called DOGE's "unusual secrecy" as it exercises "substantial authority over vast swathes of the federal government," and to prevent irreparable harm to CREW's informational rights as DOGE tears through the federal government with no oversight or public scrutiny. ADD008, ADD025, ADD030-ADD034.

The government did not appeal that preliminary injunction; instead, it deployed forfeited arguments to seek reconsideration and a stay until after resolution of its then-forthcoming motion for summary judgment on DOGE's agency status, which the government represented to the district court would be resolved with only "modest delay." Mot. for Recons. at 12, ECF No. 20-1. In response, the district court ruled that DOGE had to process CREW's FOIA request immediately but would not

8

be required to produce documents until after it resolves the government's motion for summary judgment. ADD051-ADD052. The Court repeatedly cautioned, however, that the arguments and evidence on which the government was relying, which contradicted the record, would lead to discovery if deployed on summary judgment. *See* ADD042-ADD043, ADD046-ADD047, ADD052.

Having temporarily averted public scrutiny of DOGE's structure and operations until after its motion for summary judgment is resolved, the government has sought to delay the effect of the preliminary injunction for as long as possible. At the district court, DOGE first appeared not to comply with the court's order to process CREW's FOIA request for eventual production, forcing the district court to issue an additional order to do so. Minute Order (Apr. 10, 2025) ("[T]he Court already held that [DOGE] is likely subject to FOIA . . . Thus, the Court ordered [DOGE] to begin processing records because 'if [DOGE] does not even begin processing the request until after the question of whether it is subject to FOIA is litigated on the merits, a decision in CREW's favor will likely be followed by additional processing delays.'") (citations omitted). The government then filed its motion for summary judgment

9

with the same dubious arguments and evidence about which the district court had cautioned it. *See generally* Defs.' Mot. for Summ. J. Mem., ECF No. 24-1. Rather than ensuring its promised "modest delay" by agreeing to the limited discovery necessary to resolve that motion, DOGE opposed discovery across the board. Mot. for Recons. at 12; *see generally* Defs.' Opp'n to Mot. for Expedited Disc., ECF No. 34.

When that failed and the district court ordered discovery, the government filed its mandamus petition relying principally on forfeited arguments and misapplications of the law that disregarded decades of Circuit precedent to again argue that no discovery was permissible. Doc. No. 2115720 at 2. Again unsuccessful, the government repeated its arguments to the Supreme Court. *See generally*, Appl. to Stay.

The net result of this delay is that more than three months have elapsed since the district court issued its unappealed preliminary injunction and nearly as long has elapsed since the government filed the motion for summary judgment that has effectively frozen the relief promised by that injunction. Meanwhile, DOGE has provided no information to CREW or the public. Summary disposition will avert further prejudice to CREW, ensuring that discovery can finally get

underway and DOGE's pending summary judgment motion can be resolved.

## **CONCLUSION**

For the foregoing reasons, CREW respectfully requests that this Court issue an order narrowing the April 15 Discovery Order consistent with the revised discovery requests attached to this motion and otherwise denying the government's mandamus petition.

Dated: June 18, 2025

Respectfully submitted,

*/s/ Nikhel S. Sus*
NIKHEL S. SUS
JONATHAN E. MAIER
LAUREN C. BINGHAM
JOHN B. HILL
DONALD K. SHERMAN
Citizens for Responsibility
and Ethics in Washington
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org

*Counsel for Respondent Citizens for Responsibility and Ethics in Washington*

## CERTIFICATE OF COMPLIANCE

This Respondent's Motion for Summary Disposition in Response to the Supreme Court's June 6 Remand Order complies with the type-volume limit of Fed. Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,840 words. It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared using word-processing software in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Nikhel S. Sus*
NIKHEL S. SUS

# CERTIFICATE OF SERVICE

 I hereby certify that on June 18, 2025, I electronically filed the foregoing Respondent's Motion for Summary Disposition in Response to the Supreme Court's June 6 Remand Order with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users.

        */s/ Nikhel S. Sus*
        NIKHEL S. SUS