**[ORAL ARGUMENT NOT SCHEDULED]**

**NO. 25-5130**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

In re U.S. DOGE Service, *et al.*,

Petitioners.

_____

On Petition for a Writ of Mandamus to the United States
District Court for the District of Columbia

_____

**RESPONSE IN OPPOSITION TO
PETITION FOR REHEARING OR REHEARING EN BANC**

_____

JONATHAN E. MAIER
NIKHEL S. SUS
LAUREN BINGHAM
JOHN B. HILL
DONALD K. SHERMAN
Citizens for Responsibility
and Ethics in Washington
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
jmaier@citizensforethics.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................ii

GLOSSARY ......................................................................................iv

INTRODUCTION ................................................................................1

FACTUAL AND PROCEDURAL HISTORY.............................................3

ARGUMENT.....................................................................................9

   I.   The Petition artificially injects conflict into this Court's decisions where none exists. ........................................................10

   II.  The Panel Decision resolved the only potential conflict with Supreme Court precedent. ...............................................13

   III. The Petition implicates only settled legal questions. ....................16

CONCLUSION ................................................................................19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

## Cases

*Armstrong v. Exec. Off. of the President*,
   90 F.3d 553 (D.C. Cir. 1996) ........................................ 6, 7, 10, 11, 12, 17

*Cheney v. U.S. Dist. Ct. for D.C.*,
   542 U.S. 367 (2004) .................................................... 5, 15, 18

*In re Cheney*,
   544 F.3d 311 (D.C. Cir. 2008) ......................................... 11, 18

*Cotton v. Heyman*,
   63 F.3d 1115 (D.C. Cir. 1995) ............................................ 14

*CREW v. Off. of Admin.*,
   566 F.3d 219 (D.C. Cir. 2009) .................................... 6, 7, 10, 11, 17, 18

*Jud. Watch, Inc. v. U.S. Secret Serv.*,
   726 F.3d 208 (D.C. Cir. 2013) .......................................... 4, 17

*Meyer v. Bush*,
   981 F.2d 1288 (D.C. Cir. 1993) ........................................ 10, 12

*Nat'l Pork Producers Council v. Ross*,
   598 U.S. 356 (2023) ...................................................... 15

*Pac. Legal Found. v. Council on Env't Quality*,
   636 F.2d 1259 (D.C. Cir. 1980) ........................................... 10

*Rushforth v. Council of Econ. Advisers*,
   762 F.2d 1038 (D.C. 1985) ............................................. 10, 12

*Sierra Club v. Andrus*,
   581 F. 2d 895 (D.C. Cir. 1978) ........................................... 11

*Soucie v. David*,
   448 F.2d 1067 (D.C. Cir 1971) ...................................... 6, 10, 11, 17

*Sweetland v. Walters*,
   60 F.3d 852 (D.C. Cir. 1995) ......................................... 10, 12

**Statutes**

5 U.S.C. § 552(f)(1)..................................................................... 3, 10

Fed. R. App. P.

    40(b)(1)....................................................................................... 9

    40(b)(2)....................................................................................... 9

    40(c) ........................................................................................... 9

Fed. R. Civ. P.

    26 ............................................................................................... 5

    56(d) .......................................................................................... 5

**Other Authorities**

*EPIC v. Off. of Homeland Sec.*, No. 02-cv-00620, Doc. No. 11

    (D.D.C. Dec. 26, 2002) .......................................................... 17

## GLOSSARY

CREW ................... Citizens for Responsibility and Ethics in Washington

DOGE .......................................................... United States DOGE Service

EOP ...................................................... Executive Office of the President

FOIA ............................................................ Freedom of Information Act

FRA ................................................................................. Federal Records Act

## INTRODUCTION

The government's Petition for Rehearing ("Petition") marks the *fifth* time it has rehashed the same arguments to delay responding to narrow discovery of the newly formed U.S. DOGE Service ("DOGE"). The District Court ordered that limited discovery to allow Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") to test unreliable evidence and factual assertions that the government put at issue in arguing that DOGE is not subject to the Freedom of Information Act ("FOIA") and Federal Records Act ("FRA"). As the Panel correctly held, the ordered discovery is fully consistent with this Court's longstanding "functional" test for determining the FOIA agency status of entities within the Executive Office of the President ("EOP"), which "depends on the practical realities of the entity's role, not merely on its formal placement or authority within the" EOP Order, Doc. No. 2115720 at 2 (May 14, 2024) (per curiam) ("First Panel Order"); *see also* Order, Doc. No. 2125341 (July 14, 2024) (per curiam) ("Second Panel Order").

In seeking rehearing, the government again mischaracterizes this Court's precedents and demands that the judiciary blindly yield to its characterizations of executive orders and memoranda regarding DOGE's

1

structure and operations. But every court that has heard those demands has rejected them and allowed discovery to continue, and for good reason. It is settled law in this Circuit that whether an EOP unit wields substantial independent authority and thus is subject to FOIA requires a fact-intensive examination that may require, as has been ordered here, limited discovery.

The Supreme Court has never disturbed these precedents. When asked by the government to do so after the Panel unanimously denied its mandamus petition for the first time, the Supreme Court merely directed this Court to narrow a single subset of the ordered discovery. CREW obviated the need for this Court to do so by withdrawing that subset of requests altogether. The Second Panel Order unanimously resolving the government's mandamus petition was in perfect alignment with this Court's precedents and the Supreme Court's narrow remand directive.

Undeterred, the government wrongly asserts, again, that this Court's precedents mean the opposite of what they say. It also seeks, again, to transform the Supreme Court's limited remand directive into a sweeping decision that silently overturned half a century of this Court's precedents and redefined the separation of powers. But there is no

daylight, let alone conflict, between any precedent of this Court or the Supreme Court and the Panel's decision, which is merely the latest application of well-settled legal principles to a discovery dispute. The Petition falls woefully short of justifying rehearing and should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A.    District Court Proceedings

On February 20, 2025, CREW filed a complaint and motion for preliminary injunction against DOGE for failing to respond to a January 25, 2025 FOIA request and comply with the FRA. *See generally* CREW Compl., ECF No. 1; CREW PI Mem., ECF No. 2-1. CREW's motion asserted that DOGE was functionally wielding "substantial independent authority" from the President, making it a de facto "agency" subject to FOIA and the FRA. CREW PI Mem. at 18–25. DOGE did not dispute DOGE's substantial independent authority, arguing instead that DOGE was exempt from FOIA simply by virtue of being a component of the EOP, PI Opp. at 8 n.2, 20 n.4, ECF No. 10, even though the EOP is explicitly within FOIA's scope, 5 U.S.C. § 552(f)(1).

On March 10, the district court issued a preliminary injunction, finding that DOGE was likely an agency under FOIA and ordering it to

process a narrowed version of CREW's FOIA request and preserve records. *See* ADD023–37. The government did not appeal, but filed a motion for reconsideration arguing for the first time that DOGE was not an agency subject to FOIA because it does not wield substantial independent authority, supporting its claim with a declaration by DOGE's Acting Administrator purporting to describe its operations. Defs.' Recon Mem. at 10-21, ECF No. 20-1; ADD065–69.

In denying that motion, the district court held that the government's declaration did not establish DOGE's agency status and was "called into question by contradictory evidence in the record." ADD047 (quoting *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013)). The district court stayed DOGE's obligation to produce documents in response to CREW's FOIA request until DOGE's agency status was considered on summary judgment, ADD045, but repeatedly warned the government that if it sought early summary judgment on that issue (as it promised to do in its reconsideration motion), the inconsistencies between DOGE's factual assertions and the record would likely cause the court to grant discovery regarding DOGE's operations. ADD041–42, ADD052.

The government nevertheless sought summary judgment, relying on a virtually identical declaration that repeated the dubious factual assertions called out by the district court. *See generally* Defs.' Summ. J. Mem., ECF No. 24-1. In response, CREW sought expedited discovery pursuant to Fed. R. Civ. P. 56(d) and 26 to allow it to oppose the government's motion. In opposing discovery, the government acknowledged that discovery against EOP components was permissible, ADD103–105 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004)), and defended the veracity of its own evidence of DOGE's operations, ADD101–102, while conversely asserting that discovery was impermissible because DOGE's agency status had to be decided solely on DOGE's charter documents, ADD097–100. It also asserted a variety of burden arguments.

On April 15, the district court ordered DOGE to respond to the requested discovery as narrowed by the court, relying on an unbroken chain of Circuit decisions holding that whether DOGE wields substantial independent authority must be determined by an examination of its operations. A4–14 ("Discovery Order").

B.      Appellate Proceedings

The government's April 18 Petition for a Writ of Mandamus ("Mandamus Petition") sought to quash the Discovery Order based on the same arguments, with one significant difference. Reversing the government's position that discovery was permissible if narrowly tailored, it rested on the new argument that the separation of powers creates an absolute bar to discovery of DOGE. The Mandamus Petition identified no decision holding that such a bar exists. Mand. Pet. at 16– 29.

On May 14, the Panel unanimously denied the Mandamus Petition. *See generally* First Panel Order. The Panel reasserted more than 50 years of Circuit precedent holding that "[i]n the FOIA context, whether an entity is an 'agency' turns on a functional analysis: whether it 'exercises substantial independent authority' or instead exists solely 'to advise and assist the President.'" *Id.* at 2 (quoting *CREW v. Off. of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009) (quoting *Armstrong v. Exec. Off. of the President*, 90 F.3d 553, 558 (D.C. Cir. 1996)); citing *Soucie v. David*, 448 F.2d 1067, 1073–75 (D.C. Cir 1971). It further held that the government had forfeited its new argument that the separation of powers bars discovery,

6

and it affirmed that the narrow ordered discovery posed no unreasonable or unique burden on the government. *Id.* at 2–3 (citing *Armstrong*, 90 F.3d at 560–61; *CREW v. Off. of Admin.*, 566 F.3d at 224–26).

On May 21, the government filed an application in the Supreme Court to stay the Discovery Order and alternatively sought a writ of certiorari granting the mandamus petition and directing the district court to halt discovery. Stay App. Pending Cert., *In re U.S. DOGE Service*, No. 24A1122 (May 21, 2025) ("S. Ct. Stay App."). That application reasserted the arguments made to the Panel.

After a brief administrative stay, on June 6 the Supreme Court issued a two-page order granting certiorari and remanding to this Court with the single directive to "narrow" those "portions" of the ordered discovery "that require the Government to disclose the content of intra-Executive Branch [DOGE] recommendations and whether those recommendations were followed," which it held were not "appropriately tailored" because DOGE's power to persuade—unlike other aspects of its operations—could not establish the scope of its authority and "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." *See*

7

*In re U.S. DOGE Service*, No. 24-1246 (June 6, 2025), Doc. No. 2119852 ("Remand Order"). The Supreme Court did not vacate or otherwise modify the Discovery Order, but stayed it pending further appeals. *See* Remand Order at 2.

On June 18, CREW filed a motion for summary disposition with this Court in which it withdrew all discovery requests relating to recommendations made by DOGE and asked the Panel to otherwise deny the Mandamus Petition. *See generally* Mot'n for Summ. Disp., Doc. No. 2121424 (June 18, 2025). The government opposed that motion by recasting the Remand Order as a seminal decision rejecting this Court's longstanding fact-intensive, functional test for determining FOIA agency status and by asserting that the separation of powers bars seemingly any discovery of DOGE. *See* Defs.' Resp. to Summ. Disp., Doc. No. 212282 at 7–22 (June 25, 2025).

The Panel, recognizing that CREW's withdrawal of discovery requests on recommendations resolved the only aspect of the Discovery Order with which the Supreme Court took issue, unanimously granted CREW's motion and issued an order that modified the Discovery Order

to remove the withdrawn discovery and otherwise denied the Mandamus Petition. *See* Second Panel Order.

## ARGUMENT

Rehearing is justified when the Panel overlooks or misapprehends the facts or the law, not when a dissatisfied party wishes that the facts and law were different. Fed. R. App. P. 40(b)(1). Likewise, "rehearing en banc is not favored and ordinarily will be allowed only if" (1) "the panel decision conflicts with a decision of" this Court and *en banc* review "is therefore necessary to secure or maintain uniformity of the court's decision[]," (2) "the panel decision conflicts with a decision of the United States Supreme Court," (3) "the panel decision conflicts with an authoritative decision of another United States court of appeals," or (4) "the proceeding involves one or more questions of exceptional importance." *Id.* at 40(b)(2), (c).

None of the conditions for rehearing exist here. First, the Petition wrongly seeks to inject conflict into the decisions of this Circuit where none exists. Second, the Second Panel Order cured the only defect in the Discovery Order identified by the Supreme Court after its consideration

of the First Panel Order. Finally, the Petition implicates only settled legal issues concerning FOIA's application to EOP components.

## I. The Petition artificially injects conflict into this Court's decisions where none exists.

The only conflict here is between this Court's precedents and the government's misreading of them. The Second Panel Order is nothing more than a straightforward application of Circuit precedent regarding whether a component of the EOP (which is explicitly subject to FOIA, 5 U.S.C. § 552(f)(1)) is an "agency" under the statute.

First, beginning with its decision in *Soucie v. David*, 448 F.2d 1067, 1073–74 (D.C. Cir. 1971), this Court has, in *every* instance in which it has been faced with the issue, required that FOIA's applicability to EOP components turn on a fact-intensive examination of that component's functions and operations to assess whether it "does in fact exercise" substantial independent authority, *Armstrong*, 90 F.3d at 560–61; *see, e.g.*, *CREW v. Off. of Admin.*, 566 F.3d at 224; *Sweetland v. Walters*, 60 F.3d 852, 853–54 (D.C. Cir. 1995); *Meyer v. Bush*, 981 F.2d 1288, 1294–96 (D.C. Cir. 1993); *Rushforth v. Council of Econ. Advisers*, 762 F.2d 1038, 1041–43 (D.C. 1985); *Pac. Legal Found. v. Council on Env't Quality*,

636 F.2d 1259, 1263 (D.C. Cir. 1980); *Sierra Club v. Andrus*, 581 F. 2d 895, 901–02 (D.C. Cir. 1978).

Second, this Circuit, stemming from the need to conduct a fact-intensive examination, has endorsed limited discovery of EOP components. *See Armstrong*, 90 F.3d at 560–61, *CREW v. Off. of Admin.*, 566 F.2d at 224–26. And, as the Panel noted, "that limited discovery can be used to follow up on factual questions put at issue by the government's declarations." First Panel Order at 3 (citing *In re Cheney*, 544 F.3d 311, 312 (D.C. Cir. 2008)).

The First Panel Order cited and correctly applied these precedents. *See* First Panel Order at 2–3 (citing *CREW v. Off. of Admin.*, 566 F.3d at 224; *Armstrong*, 90 F.3d at 558; *Soucie*, 448 F.2d at 1073–75; *In re Cheney*, 544 F.3d at 312). As directed by the Remand Order, *infra*, the Second Panel Order ensured that discovery on mere recommendations was excluded without otherwise disturbing the First Panel Order's application of Circuit precedent. *See* Second Panel Order at 2.

The government utterly fails to account for these precedents, let alone identify any decision that renders the Panel's application of them incorrect. It instead persists in claiming that those decisions somehow

11

mean the opposite of what they say and mandate consideration only of formal grants of authority. Pet. at 11–16. But every court that has heard those arguments in this case has rejected them because they are emphatically wrong. Indeed, every case on which the government relies engaged in the very fact-intensive analysis it resists.[1]

Not even the government buys what it is selling. "[T]he government concedes, as it must, that such discovery is sometimes appropriate[,]" First Panel Order at 2 (citing Mand. Pet. at 22–23), and the government has at the district court twice submitted declarations to establish the very factual record of DOGE's operations that it claims the courts must ignore, *see* ADD065–69 (submitted in support of motion to reconsider

---

[1] *Compare* Pet. at 11–13 *with Armstrong*, 90 F.3d at 560–61 (considering whether National Security Counsel "could" and "does in fact exercise" substantial independent authority and examining extent of work with President, management of staff,  whether President "empowered staff to direct" agencies, staff testimony regarding operations, and how NSC acted on ambiguous delegations of authority); *Meyer*, 981 F.2d at 1294–96 (analyzing Task Force on Regulatory Relief's operations to determine there was "no indication that [it] directed anyone . . . to do anything" and considering that it "operated out of the Vice President's office without a separate staff"); *Rushforth*, 762 F.2d at 1041–43 (considering Council of Economic Advisors' "functional role" and lack of evidence "to show that some other function [not in its charter documents] in fact exists"); *Sweetland*, 60 F.2d at 853–54 (per curiam) (considering "catalogue of [Executive] Residence staff's functions" instead of merely accepting description of duties in U.S. Code).

preliminary injunction based on DOGE's agency status); ADD070–74 (submitted in support of summary judgment on DOGE's agency status).[2]

In sum, nothing in the Panel's decision misapprehends or conflicts with Circuit precedent.

## II. The Panel Decision resolved the only potential conflict with Supreme Court precedent.

The Remand Order is the result of the Supreme Court hearing the same arguments made to the Panel and coming to the same conclusion, except for a single "portion" of the Discovery Order that had to be more narrowly tailored. The Panel removed that portion of discovery altogether, bringing the ordered discovery in alignment with the Remand Order. Both the text of the Remand Order and the Petition itself preclude the government's transfiguration of Remand Order into a sweeping *sub silentio* erasure of Circuit precedent and a command that DOGE's agency

---

[2] The Petition attempts to explain away this effort to create a beneficial factual record of DOGE's operations by claiming that its declarations merely established the content of executive orders and memoranda. Pet. at 17–18 n. 4. Even if the government's declarations were not wholly unnecessary to that purpose—and they are—the declarations indisputably purport to describe DOGE's operations, and the district court found those factual assertions to be contradicted by the record. *See* ADD065–ADD074.

status be determined by a formalistic analysis of executive orders and memoranda.

The government's characterization of the Remand Order again relies on the false premise that the Supreme Court adopted the government's unsupported view that DOGE's agency status "turns on formal legal authority," Pet. at 10, rather than the "fact-specific functional" analysis this Court's precedents demand, *Cotton v. Heyman*, 63 F.3d 1115, 1121 (D.C. Cir. 1995); First Panel Order 2 (citing cases). That premise is nonsensical and unsupported by the Remand Order. Had the Supreme Court adopted the government's new test, it would have vacated the Discovery Order entirely, as the government requested, S. Ct. Stay App. at 4, 12–13, 24, 36, because discovery would "simply not [be] necessary to determine the extent of [DOGE's] authority" because it could "be determined from the public instruments that create [DOGE] and describe its responsibilities." Pet. at 14.

The Remand Order, of course, did no such thing, but instead remanded for "appropriate[] tailor[ing]" of those "portions" of discovery regarding DOGE's recommendations because an entity's "ability to persuade . . . does not render [it] an agency," while leaving the remainder

14

in place. Remand Order at 1. Reading the Remand Order "with a careful eye to context," *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 373–74 (2023) (cleaned up), the Remand Order's reference to the "ability to persuade" merely reflected the Court's adoption of the government's rationale for excluding a *single category* of discovery requests: those relating to DOGE's recommendations. *See* S. Ct. Stay Appl. 12-13, 16 (seeking to quash discovery on DOGE's "recommendations" because an entity's "ability to persuade . . . does not render [it] an 'agency'").

The government similarly contorts the Remand Order's reference to the "deference and restraint" due to the executive branch. That language was merely part of the Court's explanation for requiring further "tailoring" of discovery on "recommendations." Remand Order at 1. And that required deference and restraint—which was already embodied by the discovery's exclusion of "communications with the President," Rev. Ex. A at 5, all "emails, text messages, [and] any similar electronically exchanged communications" that do not reflect final directives or announcements, *id.* at 6; A19–20; A26–27, and exclusion of communications that could impair executive branch autonomy, *see* Remand Order at 1; *Cheney*, 542 U.S. at 385—was perfected by the

15

Second Panel Order's total exclusion, rather than mere tailoring, of discovery on DOGE's recommendations, *see* Second Panel Order at 1.

Accurately read, the Remand Order's reference to "deference and restraint" was not, as the Petition asserts, a directive to this Court to reevaluate the myriad discovery objections that the government unsuccessfully asserted to the Panel and the Supreme Court. The government vaguely asserts that this anodyne statement of principle, already embodied in the legal framework of this Circuit and district court's and the Remand Order's limitation on discovery, *supra*, bars the depositions and written discovery regarding agency DOGE teams and DOGE's access to the systems used to conduct agency business, Pet. at 16–20. But these objections were heard and ignored by the Supreme Court, which is fully capable of expressing itself, and did so here.

## III.   The Petition implicates only settled legal questions.

This proceeding does not raise questions of exceptional importance regarding the separation of powers. The separation of powers is, as the government acknowledges, merely a "backdrop" to routine issues concerning an EOP entity's FOIA status and the need for discovery resolved by the Panel. Pet. at 3, 19. In other words, separation-of-powers

principles are *already incorporated* into the very legal framework that the government seeks to escape.

As described *supra*, this discovery dispute involves a straightforward application of settled law. This Court has developed and applied standards for evaluating substantial independent authority, and applying FOIA generally, with a keen eye towards maintaining the separation of powers and avoiding constitutional conflicts. *See, e.g.*, *Soucie*, 448 F.2d at 1071–73, 1075; *Armstrong*, 90 F.3d at 558; *Jud. Watch, Inc.*, 726 F.3d at 224–32. And the courts who have applied those standards to requests for discovery considered the interplay between the need to understand an EOP component's practical functions and respect for the Executive Branch's interest in safeguarding its communications, including in cases both preceding and following *Cheney*. *See, e.g.*, *CREW v. Off. of Admin.*, 566 F.3d at 221, 225–26; *EPIC v. Off. of Homeland Sec.*, No. 02-cv-00620, Doc. No. 11, 9–13 (D.D.C. Dec. 26, 2002). The Supreme Court took no action to disturb that framework when asked by the government here, but merely made clear that recommendations are not indicative of independent authority. *Supra*. There is nothing unique or exceptionally important about allowing discovery beyond DOGE's formal

17

legal authority and no novel separation-of-powers question raised warranting rehearing.

Finally, the government's claim that discovery will allow CREW to obtain more information than it might otherwise receive through its FOIA requests is neither true nor exceptionally important. *See* First Panel Order at 2–3 ("[T]he information sought here does not provide CREW 'all the disclosure to which [it] would be entitled' if it prevails on the merits." (quoting *Cheney*, 542 U.S. at 388)). CREW is seeking not only fulfillment of a specific FOIA request, but also a declaratory judgment applying FOIA and the FRA to DOGE for all time. *See* Compl., Prayer for Relief ¶ 1, ECF No. 1; *see also In re Cheney*, 544 F.3d at 314 (holding that discovery did not "itself provide the relief sought in the complaint" where "ultimate relief" sought was a declaratory judgment on the legality of the Vice President's records classification policy). And this Court has endorsed far more extensive discovery in similar circumstances. *See, e.g.*, *CREW v. Off. of Admin.*, 566 F.3d at 225 (discovery included 1,300 pages of documents and a deposition of an EOP component director).

## CONCLUSION

The Court should deny the Petition.


Dated: November 12, 2025          Respectfully submitted,

                        */s/ Jonathan Maier*
                        JONATHAN E. MAIER
                        NIKHEL S. SUS
                        LAUREN C. BINGHAM
                        JOHN B. HILL
                        DONALD K. SHERMAN
                        Citizens for Responsibility
                        and Ethics in Washington
                        P.O. Box 14596
                        Washington, DC 20044
                        (202) 408-5565
                        jmaier@citizensforethics.org

                        *Counsel for Citizens for*
                        *Responsibility and Ethics in*
                        *Washington*

## CERTIFICATE OF COMPLIANCE

This Response in Opposition for Petition for Rehearing or Rehearing En Banc complies with the type-volume limit of Fed. Rule of Appellate Procedure 40(d)(3)(A) because it contains 3,594 words. It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared using word-processing software in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Jonathan Maier*
Jonathan Maier

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically filed the foregoing Response in Opposition for Petition for Rehearing or Rehearing En Banc with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users.

*/s/ Jonathan Maier*
Jonathan Maier